**IN THE COURT OF APPEALS OF IOWA**

No. 13-2038
Filed January 14, 2015

**KAYLA A. HATTIG,**
　　　Plaintiff-Appellant,

**vs.**

**FRANKLIN HUGO RAMIREZ,**
　　　Defendant-Appellee.
_____

　　　Appeal from the Iowa District Court for Woodbury County, Edward A. Jacobson, Judge.


　　　A mother appeals the district court's ruling modifying the legal custody and visitation provisions of a prior decree. **AFFIRMED.**


　　　John S. Moeller of John S. Moeller, P.C., Sioux City, for appellant.

　　　Franklin H. Ramirez, Sioux City, appellee pro se.


　　　Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MULLINS, P.J.**

Kayla Hattig appeals the district court's modification order granting Franklin Ramirez visitation and granting the parties joint legal custody of the parties' minor child. Kayla claims on appeal Franklin has failed to prove there has been a substantial and material change in circumstances to justify modifying the legal custody and visitation provisions of the prior decree.[1]

**I. Background Facts and Proceedings.**

Kayla and Franklin are the parents of the minor child at issue. They were never married, though a prior decree addressing custody, physical care, and child support was entered in July of 2008 after Franklin was found to be in default. The minor child at issue, then three years old, was placed in Kayla's sole legal custody and physical care. Pursuant to the decree, all visitation between the child and Franklin was at the discretion of Kayla and was to be supervised. Franklin was ordered to pay child support.

After the default decree was entered, Franklin reached out to Kayla in 2012 seeking to establish a relationship with the minor child at issue. Attempts to work out a visitation arrangement did not independently succeed, and Franklin filed a modification petition in February 2013. The case proceeded to trial in September 2013.

---

[1] Franklin has failed to file an appellee brief in this case. This failure does not entitle Kayla to a reversal as a matter of right. *See White v. Harper*, 807 N.W.2d 289, 292 (Iowa Ct. App. 2011). We will not search the record for a theory upon which to affirm the trial court and will confine our consideration to the issues raised in the appellant's brief. *Id.*

In November 2013, the district court granted the modification petition giving the parties joint legal custody of the child, keeping the child in Kayla's physical care, and setting a specific visitation schedule between Franklin and the child so that they may establish a relationship. The gradually increasing visitation was to be supervised by a person jointly designated by the parties for the first three months. After three months, the visitation would be unsupervised and would continue to increase in frequency and duration, eventually becoming every other weekend and alternating holidays. The court ordered the parties to alternate the child dependency exemption and set a new child support amount for Franklin.

Kayla appeals claiming Franklin failed to meet his burden of proof to justify the modification of the legal custody and visitation provisions.

## II. Legal Custody.

"Legal custody" is defined in the Iowa Code to mean an award of legal custodial rights and responsibilities of a minor child to a parent. Iowa Code § 598.1(5) (2013). These rights and responsibilities "include but are not limited to decision making affecting the child's legal status, medical care, education, extracurricular activities, and religious instruction." *Id.* In order to modify an award of legal custody, a parent must "establish by a preponderance of evidence that conditions since the decree was entered have so materially and substantially changed that the children's best interests make it expedient to make the requested change." *In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983). "The changed circumstances must not have been contemplated by the

court when the decree was entered, and they must be more or less permanent, not temporary. They must relate to the welfare of the children." *Id.*

By a default decree, Kayla was granted sole legal custody of the minor child at issue in 2008. Franklin testified he was young and stupid when the child was born. He made poor choices and "just wanted out." He was drinking and hanging out with the wrong crowd. After he pled guilty to simple assault, he turned his life around. He has become involved in his religious community and has matured. He is now married and has two other children. He completed his college degree in criminal justice and was seeking employment as a law enforcement officer at the time of trial in this case. He testified he never had a dad growing up, and he knows how the child at issue is feeling. He wants to be the child's father and for this child and his other children to know each other.

There is a strong policy in favor of joint custody, and our courts should deviate only for the most compelling circumstances. *In re Marriage of Winnike*, 497 N.W.2d 170, 173 (Iowa Ct. App. 1992). The district court stated it believed Franklin was "sincere in his desire to establish and continue the relationship" with his child. It also concluded since the time of the decree in 2008, "Franklin has grown up, stopped drinking, established a relationship with his higher power, gotten an education, improved his ability both as a father and as a provider, and shown a desire to make up for the deficiencies of the past." We give deference to the district court's credibility determinations. *In re Marriage of Berning*, 745 N.W.2d 90, 92 (Iowa Ct. App. 2007). While sole custody was appropriate in 2008 when Franklin was making poor choices and "just wanted out," we conclude,

after our de novo review of the record, the changes Franklin has made in his life since the prior decree was entered now justify the modification. We agree with the district court that Franklin has satisfied his burden to prove a material and substantial change in circumstances and that it is in the best interest of the child for the parties to have joint legal custody.

## III. Visitation.

The burden to modify the visitation provisions of a decree is less demanding than the burden to modify custody or physical care. *In re Marriage of Spears*, 529 N.W.2d 299, 302 (Iowa Ct. App. 1994). "To justify a change of visitation, the petitioning party must show there has been a change of circumstances since the dissolution decree." *Id.* "Generally, a less extensive change of circumstances need be shown in visitation right cases." *Id.* As we have already concluded Franklin satisfied the higher burden to prove a "material and substantial change in circumstances," we also conclude he has satisfied his burden to prove a "change in circumstances" to modify the visitation provisions of the prior decree.

Kayla maintains Franklin is a stranger to the child and it is not in the child's best interest to have visitation with Franklin unless it is done under the direction and supervision of the child's therapist. Kayla asks that we adopt the visitation plan recommended by the child's therapist.[2] The parties attempted to initiate

---

[2] The therapist's plan included talking with the child about meeting Franklin in therapy, conducting two or three sessions with Franklin alone to discuss how to introduce Franklin into the child's life, then two or three sessions with Franklin and Kayla, then a few sessions with Franklin's and Kayla's significant others, and finally the child would be added into the sessions.

visitation through the therapist during the pendency of the case. Miscommunication, delays in scheduling, and conflict prevented the commencement of the therapist's recommended visitation plan before trial.

Franklin asked the court not to appoint the therapist as the visitation supervisor because of "conflict." The therapist described her brief interactions with Franklin as "hostile." The district court found "the relationship between [Franklin] and [the therapist] and the relationship between Kayla and [the therapist] makes it difficult for [the therapist] to be the supervising party." Because of this problematic relationship, the court directed the attorneys for the parties to designate a visitation supervisor. The court could not specify a specific person at that time because the court was unfamiliar with the people in the child's life whom the child would trust and who would be a trustworthy visitation supervisor. The court formulated a visitation arrangement for the parties that gradually increased the frequency and duration of the visitation to allow the child to become comfortable with her father. We conclude the visitation terms and schedule set by the district court are in the child's best interests.

We affirm the modification order of the district court.

**AFFIRMED.**