# IN THE COURT OF APPEALS OF IOWA

No. 19-1708
Filed May 13, 2020

**DYLAN MICHAEL PADGETT,**
Plaintiff-Appellant,

**vs.**

**AMY PRESLEY,**
Defendant-Appellee.

_____

Appeal from the Iowa District Court for Story County, James A. McGlynn, Judge.

Dylan Padgett appeals for the decree placing the parties' child in the mother's physical care. **AFFIRMED.**

Colin McCormack of Van Cleaf & McCormack Law Firm, LLP, Des Moines, for appellant.

Amy Presley, Clive, self-represented appellee.

Considered by Bower, C.J., and Doyle and Schumacher, JJ.

**BOWER, Chief Judge.**

Dylan Padgett appeals the decree ordering custody of his child with Amy Presley. Padgett argues the trial court placed too much emphasis on his conviction for child endangerment and not enough emphasis on the mother's eight-month absence from the child's life. We affirm.

We review proceedings tried in equity de novo. *Lambert v. Everist*, 418 N.W.2d 40, 42 (Iowa 1988). We review the entire record and adjudicate the issues properly presented anew.[1] *See In re Marriage of McDermott*, 827 N.W.2d 671, 676 (Iowa 2013). However, because the district court had the opportunity to hear the evidence and view the witnesses firsthand, we give weight to the district court's findings even though they are not binding. Iowa R. App. P. 6.904(3)(g); *see In re Marriage of Gensley*, 777 N.W.2d 705, 713 (Iowa Ct. App. 2009).

Our primary concern in determining child-custody arrangements is the best interests of the child. Iowa R. App. P. 6.904(3)(o); *see also Lambert*, 418 N.W.2d at 42. Our goal is "to place the child in the environment most likely to bring that child to healthy physical, mental and social maturity." *Lambert*, 418 N.W.2d at 42 (citation omitted). We use the same legal analysis employed in resolving custody of children in a paternity action as used in dissolution cases. Iowa Code § 600B.40(2) (2019) (directing the court to apply the provisions of section 598.41 in determining custody and visitation in paternity actions). The legislature directs

---

[1] The mother has not filed an appellate brief. *See White v. Harper*, 807 N.W.2d 289, 292 (Iowa Ct. App. 2011) (noting an appellee failing to file a brief does not require reversal; "we will not search the record for a theory to uphold the decision of the district court," and we confine ourselves to the objections raised by the appellant).

us to determine the custody arrangement that "will assure the child the opportunity for the maximum continuing physical and emotional contact with both parents . . . , and which will encourage parents to share the rights and responsibilities of raising the child unless direct physical harm or significant emotional harm to the child . . . is likely to result."  *Id.* § 598.41(1)(a).

The trial court summarized the parties' positions as follows:

> In this case, Dylan alleges that Amy has neglected L.N.P. and as a result he should be awarded legal and physical custody and Amy should be allowed visitation only after counseling and supervision. Amy alleges that she has been the primary caretaker for most of the child's life, that she was the victim of domestic abuse by Dylan, that Dylan committed child abuse upon Amy's other child who was four at the time, that Dylan wrongfully kept L.N.P. from her and that she should be awarded custody.

The trial court considered the parties' respective versions and found the "evidence against Amy seems to be manufactured" and the "evidence against Dylan . . . solid and damning."  The court provided reasoned analysis for its findings.  It further found Amy to be more willing to support Dylan's relationship with the child than vice versa.  The court ordered Amy to have sole legal custody and physical care of the child and ordered Dylan to pay child support.

We have reviewed the entire record de novo and find no reason to disturb the custody decree.  We therefore affirm.

**AFFIRMED.**