# IN THE COURT OF APPEALS OF IOWA

No. 20-0250
Filed October 21, 2020

**TREVOR GEHRINGER,**
Plaintiff-Appellee,

**vs.**

**KRISTI BLOOM,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Warren County, Thomas P. Murphy,

Judge.

A mother appeals the district court ruling on her petition for modification of

visitation. **AFFIRMED.**

Danni J. Harris of Whitfield & Eddy, P.L.C., Des Moines, for appellant.

Trevor Gehringer, Des Moines, self-represented appellee.

Considered by Bower, C.J., and May and Ahlers, JJ.

**BOWER, Chief Judge.**

Kristi Bloom appeals the district court's denial of her requested modification of visitation for her child with Trevor Gehringer. We affirm.

**I. Background Facts & Proceedings**

Bloom and Gehringer are the parents of one child, A.G., born in 2009. Custody of the child is governed by a 2012 custody decree, as modified by a stipulated decree in October 2017. The parents have joint legal custody of the child, and the mother has physical care, subject to the father's visitation.[1] The parents currently live in separate communities approximately twenty minutes apart. The child attends school in the mother's community. Under the 2017 decree, the father's parenting time was on a two-week rotation: in week 1, the father received overnight visitations on Tuesdays and Wednesdays; in week 2, he received Tuesdays, Fridays, and Saturdays. The modified decree further stated, if "the minor child's [activity] interferes with this visitation" then the father would have another overnight or weekend visitation when the activities would not interfere.

As the child has gotten older, extracurricular activities have impacted the father's visitation times. The child had extracurricular classes scheduled on Monday, Wednesday, and Thursday evenings and frequently had additional practices or competitions on the weekends. Bloom provided the child's transportation to almost all practices and competitions. At some point, the child began to have Thursday overnights with Gehringer.

---

[1] The father lives with his significant other and their two young children.

In February 2019, Bloom filed a petition to modify custody. Bloom alleged Gehringer's arrest for operating while under the influence, late returns from visits, and communication and co-parenting problems with Gehringer constituted a material change in circumstance. Bloom requested all weekday overnight visitation be eliminated.

Gehringer counterclaimed, asking for physical care of the child. At trial, Gehringer withdrew his physical care request and asked the court to enforce the 2017 modification. Gehringer alleged Bloom interfered with his parenting time, promoted parental alienation, and had misused the legal system. He expressed the opinion Bloom took the child to weekend extracurriculars "to keep [the child] out of my household."

**II. Relevant Decree Provisions**

The original 2012 decree addressed the parties' rights and responsibilities as joint legal custodians relating to extracurriculars in multiple provisions.

> (b) Both parents shall participate equally in the rights and responsibilities of legal custodians, including but not limited to decisions affecting the child's . . . extracurricular activities.
> (c) The parties shall consult with each other with respect to the education . . . extracurricular activities, and all other matters related to the child, whose well-being and development shall at all times be the paramount consideration to the parties. . . .
> (d) Involvement in educational matters will include notice and an opportunity for discussion and consulting in enrollment and participation in all extracurricular activities. . . .
> (e) Involving extracurricular activities, the parties shall notice each other and provide an opportunity for discussion and consulting in enrollment and participation of all extracurricular activities.

The 2017 stipulated modification also addressed the child participating in extracurricular activities, including a provision stating, "If the minor child's [extracurricular] interferes with this visitation, then [Gehringer] shall have visitation

on the overnight in which the child has no [extracurricular] commitments during [his] time." This provision was included in both the weekday and weekend visitation stipulations. The 2017 modification also provided Gehringer would take the child to weekend practices and Bloom would take the child to competitions, with Gehringer to make up parenting time the following weekend.

### III. Standard of Review

"Our review of a modification proceeding is de novo in light of the fact the case was heard in equity." *Christy v. Lenz*, 878 N.W.2d 461, 464 (Iowa Ct. App. 2016). The party seeking to modify visitation must show a material change in circumstances since the decree and that the requested change is in the best interests of the child. *Id.*

We review the entire record and adjudicate the issues properly presented anew.[2] *See In re Marriage of McDermott*, 827 N.W.2d 671, 676 (Iowa 2013). However, because the district court had the opportunity to hear the evidence and view the witnesses firsthand, we give weight to the district court's findings, especially concerning the credibility of witnesses, even though they are not binding. Iowa R. App. P. 6.904(3)(g); *see In re Marriage of Harris*, 877 N.W.2d 434, 440 (2016).

---

[2] The father filed a statement agreeing with the modification order, but chose to not file an appellate brief. *See White v. Harper*, 807 N.W.2d 289, 292 (Iowa Ct. App. 2011) (noting an appellee failing to file a brief does not require reversal, but "we will not search the record for a theory to uphold the decision of the district court").

**IV. Analysis**

"The objective of a physical care determination is to place the child[ ] in the environment most likely to bring [the child] to health, both physically and mentally, and to social maturity." *In re Marriage of Hansen*, 733 N.W.2d 683, 695 (Iowa 2007). The legislature directs the courts to,

> insofar as is reasonable and in the best interest of the child, . . . order the custody award, including liberal visitation rights where appropriate, which will assure the child the opportunity for the maximum continuing physical and emotional contact with both parents . . . , and which will encourage parents to share the rights and responsibilities of raising the child unless direct physical harm or significant emotional harm to the child . . . is likely to result from such contact with one parent.

Iowa Code § 598.41(1)(a) (2019).

On appeal, Bloom requests a reduction in Gehringer's parenting time based on Gehringer's driving infraction and alcohol use, his lack of support of the child's extracurricular activities, and communication problems between the parties.

The district court found Gehringer's driving infraction and alcohol use did not warrant a change in visitation. At trial, Gehringer admitted to the driving offense and past alcohol use. He and his significant other testified about his treatment programs and his sobriety of more than a year. Given Gehringer's successful completion of treatment and continuing sobriety, we do not further modify the decree based on this claim.

Next, the district court addressed the extracurricular schedule conflict.[3] The court found that although the extracurriculars were contemplated in the 2017

---

[3] The court also addressed Bloom's "late return" complaint, ordering Gehringer to take the child to school in the mornings after his visits instead of return the child to the mother's home

modification, the extent of the interference with Gehringer's visitation was not. As a result, the district court modified the visitation schedule. The court ordered visits with Gehringer be on Monday after the child's activities to Wednesday morning, when the father would take the child to school.[4] The child was also to spend two of every four weekends with the father.

Bloom seeks the end of all midweek visitation. Bloom enrolled the child in classes during the week without consulting Gehringer. Her scheduling reserved only one weekday night for Gehringer without classes, despite the clarity of the stipulated decree regarding the extracurriculars and Gehringer's visitation. She testified of the child's love of the activity and is protective of the child's participation, taking the child to competitions and practices on both her and Gehringer's weekends.

Gehringer agreed the child loves the activity, but testified he would prefer to reduce the time the child spent at the activity. He opined the child's busy schedule could have a negative effect on the child's schoolwork.[5] Gehringer often does not attend or show interest in the child's competitions and prefers the child to be focused on his family during visits.

While the child's extracurricular participation has increased, the parents have not established in this case the increase was not within the court's contemplation in the 2017 modification. As a child grows older, they often become involved in various extracurricular activities that may make visitation challenging.

[4] The child's activities on Monday ended earlier in the evening than on Thursday.
[5] Gehringer has not been active with the child's schooling, not knowing who the child's teacher was, which subjects the child needed tutoring for, and had not attended any school conferences.

The heightened involvement may or may not constitute a material change in circumstances meriting a modification to the custody decree, depending on each case's circumstances. *See Anderson v. Trampe*, No. 13-0844, 2013 WL 5758648, at *1 (Iowa Ct. App. Oct. 23, 2013).

Regarding the parents' failure to communicate effectively, we note Gehringer does not reliably respond to Bloom's messages and will block electronic communications from her when he feels they are too frequent. He also fails to communicate plans which might affect the child's visits and other important information to Bloom. For her part, Bloom fails to limit her communications to what is necessary and tries to exert control over Gehringer's time with the child.

The parties' communication problems combined with their failure to work together are sufficiently disruptive to constitute a material change in circumstances. The variable nature of Gehringer's alternating weeks visitation night under the 2017 modification requires good communication and participation by both parties in scheduling the child's classes. Neither party has shown they can or will work together as necessary to abide by their agreement, allow the child's extracurriculars, and maximize the child's continuing contact with both sides of the family. Therefore, we find the district court's modification of the 2017 decree was appropriate.

We reject Bloom's visitation modification proposal to eliminate weekday visitation. It is not in the child's best interests to go without seeing Gehringer for up to two weeks at a time, particularly in light of the frequency of interruptions on his weekend visits due to extracurricular practices, competitions, and time the child spends with friends.

Gehringer indicated he is happy with the Monday night change, and Bloom has not proposed a different weekday night for the alternating weeks. These parties will benefit from certainty in the visitation schedule when it comes to scheduling events and activities and making family plans.

Under these circumstances, we affirm the district court's modification.

**AFFIRMED.**