# IN THE COURT OF APPEALS OF IOWA

No. 19-1135
Filed April 14, 2021

IN RE THE MARRIAGE OF DESTINY DANIELLE VOYLES-RIAHI
AND MONCEF BRAHIM RIAHI

Upon the Petition of
DESTINY DANIELLE VOYLES-RIAHI,
        Petitioner-Appellee,

And Concerning
MONCEF BRAHIM RIAHI,
        Respondent-Appellant.

_____

        Appeal from the Iowa District Court for Fremont County, Margaret Reyes,

Judge.

        Moncef Riahi appeals from the decree dissolving his marriage to Destiny

Voyles-Riahi. **AFFIRMED AS MODIFIED.**

        Moncef Riahi, West Sacramento, California, self-represented appellant.

        Destiny D. Baldwin, Sidney, self-represented appellee.

        Considered by Mullins, P.J., Ahlers, J., and Potterfield, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2021).

2

**POTTERFIELD, Senior Judge.**

Moncef Riahi appeals from the default decree dissolving his marriage to Destiny Voyles-Riahi, now known as Destiny Baldwin.[1] Riahi asserts a number of irregularities and errors by the district court,[2] many of which boil down to the question of whether the district court lacked jurisdiction to dissolve the parties' marriage or should have granted his motion to dismiss because another jurisdiction provides a more convenient forum. We have considered all of the issues raised, whether explicitly addressed or not, and we affirm the district court had jurisdiction and authority to dissolve the parties' marriage. We modify the decree to strike any decretal language purporting to do more than end the marriage.

---

[1] We will refer to the appellee as Baldwin. In the district court filings the parties are referred to by their designation as Petitioner or Respondent. When we quote the court filings, we will use the parties' names: Petitioner is Baldwin and Respondent is Riahi.

Baldwin has waived filing an appellate brief. *See White v. Harper*, 807 N.W.2d 289, 292 (Iowa Ct. App. 2011) (noting an appellee failing to file a brief does not require reversal; "we will not search the record for a theory to uphold the decision of the district court," and we confine ourselves to the objections raised by the appellant).

[2] First, Riahi contends the district court violated his due process rights and acted illegally and with bias in (1) denying his request to cross-examine Baldwin during a March 29, 2019 telephonic hearing on Riahi's March 13, 2019 pre-answer motion to dismiss, (2) denying his request for limited discovery to contest Baldwin's assertions of Iowa residency, (3) prematurely holding a scheduling conference, (4) relying on Baldwin's "moot resistance," (5) ruling that the parties appear in person for a contested trial, (6) "changing trial setting a week before trial," (7) "deliberately keeping facts detrimental to petitioner out of the record," (8) denying his motions to reconsider, and (9) "creating a bogus record."

He also contends the district court's Iowa Rule of Appellate Procedure 6.806 statement violates his due process rights, the district court erred in denying his motion to dismiss, and in finding publication notice and service of process was proper. Riahi also maintains the district court did not have personal jurisdiction over him and the court abused its discretion in denying his motion to dismiss for an inconvenient forum. Finally, he asserts the decree is void because of the asserted errors.

**I. Jurisdiction.**

Our review of the jurisdictional issue, which was decided in a ruling on a pre-answer motion, is *not* de novo. *In re Marriage of Kimura*, 471 N.W.2d 869, 876–77 (Iowa 1991). "[T]he findings of fact of the district court are binding on us if supported by substantial evidence. Evidence is substantial if a reasonable mind could accept it as adequate to reach the same finding." *Id.* at 877 (citation omitted).

> [D]omicile continues to be the basis for a court's jurisdiction to grant a dissolution of marriage decree. So the courts of this state have the power to grant dissolution of marriage decrees provided the petitioner is domiciled in this state. Such power exists even though the petitioner's spouse is absent from this state, has never been here, and was constructively rather than personally served.

*Id.* at 875–76.

On January 15, 2019, Baldwin filed her petition for dissolution using a form approved by the courts for persons representing themselves. Baldwin provided an Iowa address, stated she was married in California in August 2015, and she and Riahi had no children. Paragraph 2(c) of the petition states: "You cannot get a divorce in Iowa if your spouse does not live in Iowa and you have lived in Iowa for less than one year, or if you came to live in Iowa just to get a divorce." The form asks for a "true" or "false" response to this statement: "The **only** reason that Petitioner (you are the Petitioner) is living in Iowa is just to get a divorce." Baldwin marked "False" and stated she had lived in Iowa for one year and eleven months. Baldwin endorsed as true all of these statements: "The marriage is broken and cannot be saved." "This in the only divorce case going on involving this marriage." "The Petition is being filed in good faith for the purpose of ending the marriage." And, "[c]ounseling will not save the marriage." She requested the following relief:

end the marriage, fairly divide the property and the debts of the parties, order that the respondent pay the court fees, and change her last name. She signed the petition "under penalty of perjury . . . that the information I have provided in this Petition is true and correct."

Baldwin also filed a form "motion and affidavit to serve by publication," stating—again under oath and signature—Riahi "lives outside of Iowa," his "residence and place of employment are unknown," and providing a last known California address and phone number from February 2017. In response to the paragraph of the steps taken to find Riahi, Baldwin wrote she "contacted [Riahi] on Skype and requested his address and contact information; [Riahi] refused to supply the information."

The court held a hearing on January 28, which was not reported. The order filed following the hearing states:

> [Baldwin] appears in person and reports to the court that she has lived in Iowa for approximately two years and has attempted diligently to locate [Riahi] by contacting him through previous addresses and telephone numbers, but without success. [Baldwin] stat[ ]es she doesn't even know whether [Riahi] still lives in the United States.
> Having reviewed the file and [Baldwin's] request, the court finds [Baldwin's] motion to serve by publication should be granted.

Riahi filed a motion to dismiss on March 13, 2019, in which he challenged the court's jurisdiction, authority to hear this case, personal jurisdiction, service by publication, and contended there was a "failure to state a claim upon which any relief may be granted or, in the alternative, to dismiss Plaintiff's Petition based on the common law doctrine of forum non conveniens." The motion was set for hearing on March 26 at 2:00 p.m.

On March 20, Baldwin filed a resistance, asserting residency in Iowa, service was effected by publication under Iowa Rule of Civil Procedure 1.310, claiming any California petition for dissolution was filed after Baldwin filed her petition in Iowa, and disputing California was a more convenient forum.

At 10:29 a.m. on March 26, Riahi filed "first Amended rule 1.421 pre-answer motion to dismiss" and thirteen attachments. The district court rescheduled the March 26 hearing due to a scheduling conflict and reset the hearing for March 29.

On March 28, Riahi filed a "reply to petitioner's resistance to respondent's (first amended) pre-answer motion to dismiss."[3]

On March 29, the district court held a telephonic hearing, which was not recorded. Neither party was represented by counsel. After the hearing, the district court filed an order that summarized the hearing:

> This matter came before the court for telephone hearing on [Riahi's] special appearance and pre-answer motion to dismiss for lack of jurisdiction (among other grounds). The court heard the argument of the parties. [Riahi] generally argues that [Baldwin] does not meet the Iowa residency requirement and continues to live in California and that the court does not have personal jurisdiction over him as he also lives in California. He submits a number of exhibits in support of his motion showing that [Baldwin] has received mail in California after February 2017, the date she alleges that she moved to Iowa in her petition. [Baldwin] argues that she has lived in Iowa since leaving California in 2017, but did not forward her mail due to concerns for her safety and wanting to conceal her address from [Riahi]. Since today's hearing was set prior to [Riahi] filing his second motion to dismiss including a number of exhibits, [Baldwin] will be provided an opportunity to submit a resistance to [Riahi]'s motion to dismiss and provide supportive documentation showing when she established residency in Iowa.

---

[3] There is no filing of resistance following Baldwin's resistance filed on March 20.

The next sentences create confusion, because the court writes: "The *Respondent* must file *her* documents on or before April 15, 2019." It is apparent from the context that the court intended to make April 15 the deadline for *Baldwin*. The order then states, "The Respondent may submit a response on or before April 22, 2019." Again, based on context, following any submission by Baldwin in support of residency, Riahi could "submit a response."

The court's order continues:

> [Riahi] complains that the clerk [of court] erroneously docketed his pre-answer motion to dismiss as an Answer.[4] The court accepts the document for its contents and stated purpose, not as docketed by the clerk. [Riahi] further requests to conduct discovery on [Baldwin] to establish or disprove her Iowa residency and his jurisdiction claims. The court denies the request. The court has on its own motion requested documentation from [Baldwin] to establish her residency . . . by April 15, 2019. Upon receipt of the requested documents, the court will consider the matter of the motion to dismiss submitted. Upon review of the additional documentation, the court will either set further hearing if necessary or render its decision on [Riahi]'s motion to dismiss based upon the submissions.

Between April 8 and April 10, Baldwin submitted six supporting affidavits of her residency and her lease. Riahi filed no additional documents.

On April 29, the district court entered its ruling on the motion to dismiss. The court found:

> At the time she filed the dissolution petition, [Baldwin] was unaware of [Riahi's] address and [Riahi] refused to provide [Baldwin] with his address as set out in her motion to serve by publication. The court granted [Bladwin's] request to serve by publication, which may be had against a nonresident of Iowa or a party whose residence is unknown. *See* Iowa R. Civ. P. 1.310(9). An affidavit of mailing and a Certificate of Publication were then filed with the court showing that the legal notice was published on February 7, 14 and 21, 2019.
> . . . .

---

[4] Clerk's designation as "answer" prompted a computer-generated notice of trial scheduling conference, which was set for hearing on April 23.

Twenty (20) days after the final publication date, on March 13, 2019, [Riahi] filed a pre-answer motion to dismiss alleging that this court did not have jurisdiction to hear this matter because [Baldwin] had not established residency in Iowa, the court did not have personal jurisdiction over him and on the basis of "forum non conveniens[.]" As set out above, a telephone hearing was held on March 29, 2019 concerning [Riahi's] motion and the court allowed both parties an opportunity to provide additional supportive documentation following the hearing. [Baldwin] filed a number of affidavits showing that she has lived in Iowa since February 2017. [Riahi] submitted no additional documentation to support his claims.

[Baldwin's] statements and her affidavits show her intention to leave California in favor of returning to Iowa to be near her family. [Baldwin] grew up in Iowa, has a job in Iowa, has established a bank account in Iowa, and has established a number of personal and professional relationships in Iowa over the past two years indicating a desire to stay in Iowa. The court finds that [Baldwin] has lived continuously in Iowa since 2017 as set out in her affidavits and lease agreement filed in this matter.

The court further finds that [Baldwin] meets the residency requirements set out in Iowa Code [section] 598.[5] (2019) and finds that the court has jurisdiction to grant this dissolution. "[T]he power to grant dissolution of marriage decrees . . . exists even though the petitioner's spouse is absent from this state, has never been here, and was constructively rather than personally served." [ ] *Kimura*, 471 N.W.2d [at] 876[.] The State of Iowa has an interest in the marital status of [its] residents. [*Id.*] at 874. While [Riahi] argues that California is the more convenient forum for litigating "all incidents of the marriage," [Baldwin] submits that the Iowa court system is easily accessible with use of Iowa's electronic filing system and is far less expensive and cumbersome than California.

Riahi acknowledges a court in Iowa has jurisdiction if the party filing for the divorce is domiciled in Iowa. *See id.* at 877 ("Residence for the purpose of section 598.[5] has the same meaning as domicile. To have a residence or domicile within the meaning of this section, "one must have a fixed habitation with no intention of" leaving it."). Riahi's arguments focus on his contention that Baldwin did not abandon her domicile in California. *See id.* ("Once a domicile is established, it continues until a new one is established. A new domicile is established if all of the following things happen: (1) the former domicile is abandoned; (2) there is an

actual removal to, and physical presence in the new domicile; and (3) there is a bona fide intention to change and to remain in the new domicile permanently or indefinitely." (citation omitted)).  He notes Baldwin maintained her vehicle registration in California "until at least 2018," she registered her car in California, had a California driver's license, filed her taxes there in 2016, and continued to receive mail at the marital home address.  He asserts this shows he has "controverted the allegations of the petition" and Baldwin's affidavits "only prove actual removal to and physical presence in Iowa."

As noted already, the district court's findings of fact "are binding on us if supported by substantial evidence."  *See id.*  After the March 29 hearing the court noted, Baldwin "argues that she has lived in Iowa since leaving California in 2017, but did not forward her mail due to concerns for her safety and wanting to conceal her address from [Riahi]."  In its findings on April 29, the court observed Baldwin "grew up in Iowa, has a job in Iowa, has established a bank account in Iowa, and has established a number of personal and professional relationships in Iowa over the past two years indicating a desire to stay in Iowa."  On our review, we conclude there is substantial evidence to support the district court's finding that "[Baldwin's] statements and her affidavits show her intention to leave California in favor of returning to Iowa to be near her family."  We therefore affirm that the district court had jurisdiction and authority to dissolve the parties' marriage.

## II. Notice by Publication.

Riahi claims Baldwin did not "provide proof of the alleged diligent efforts" to locate him.  We find it sufficient to observe that Riahi continued to refuse to provide

his contact information after the court ordered him to do so. The court's permission to serve notice by publication was not in error.[5]

## III. Personal Jurisdiction.

Riahi also maintains the court did not have personal jurisdiction over him. The district court did not make a finding of personal jurisdiction. And *Kimura* makes it clear that "residency of one of the parties is enough to satisfy minimum contacts necessary to dissolve the marriage. But something more is required to satisfy minimum contacts necessary for in personam jurisdiction to adjudicate the incidents of the marriage." *Id.* at 876. We agree that the district court's jurisdiction was limited to dissolving the parties' marriage.

## IV. Forum non conveniens.

The district court denied Riahi's motion to dismiss on grounds of inconvenient forum, explaining:

> [T]he parties were married in August 2015. [Baldwin] moved to Iowa a year and a half later in February 2017. The parties have now been separated for over two years—they have been separated for longer than they lived together during the marriage. As set out in [Baldwin's] resistance to the motion to dismiss, the parties do not have children and do not own any real property. [Baldwin] is not requesting a property settlement in this matter, but simply a dissolution of marriage. If [Riahi] desires to seek a property settlement or a division of debts from [Baldwin] as he sets out in his motion, he may do so in this action. Whatever property [Riahi] may now seek from [Baldwin], is located in Iowa. The division of debts, if any, may easily be accomplished in this action. On these limited issues, the court does not find Iowa to be so inconvenient, oppressive, or burdensome for [Riahi] so as to be inequitable when [Baldwin] has now lived in Iowa for over two years.

---

[5] We are hard pressed to find support for his assertion that Baldwin "sought the Publication Order to keep [Riahi] from learning about the action and to deprive him of the opportunity to defend." It is clear from the record before us that Riahi has not been deprived of an opportunity to defend.

Riahi asserts the district court abused its discretion in denying his motion to dismiss on grounds of an inconvenient forum. "Whether to apply the doctrine of forum non conveniens lies in the sound discretion of the district court. And we accord considerable deference to a district court's ruling in such cases." *Id.* at 879.

Relying on the premise that Baldwin "is not requesting a property settlement in this matter, but simply a dissolution of marriage" and as limited by our conclusion above that the decree is limited to the dissolution of the marriage, we find no abuse of the district court's discretion.

**V. Decree.**

Following the denial of the motion to dismiss, Riahi was given ten days to file his answer. He filed three answers on May 10: one at 12:00 a.m., another at 12:35 a.m., and a third at 12:39 a.m.

Baldwin filed a motion to strike each of the answers for failing to include an address, telephone number, and email address as required by Iowa Rule of Civil Procedure 1.411(1).

On May 20, Riahi filed a concededly late motion to reconsider the jurisdictional ruling and submitted an affidavit stating the court had denied his request at the March 29 hearing to cross-examine Baldwin; Baldwin had not asked nor did he give Baldwin his address "during any Skype conversation," and "I did not argue that [Baldwin] continues to live in California."

On May 22, a computer generated notice of telephonic hearing on the motions was set for May 31 at 1:30 p.m., which states in part:

> Failure to participate for this hearing/pre-trial conference may result in a default judgment and the trial will not be held as scheduled.

PER JUDGES DIRECTION—ALL PENDING ISSUES WILL BE ADDRESSED AT THIS TIME

On May 24, the district court issued a ruling on pending motions. With respect to Baldwin's motion to strike, the court stated:

> The court agrees that this rule requires [Riahi] to provide his address, telephone number and an email address on his pleadings, which he failed to do. [Baldwin] requests that [Riahi's] Answer be stricken as improper under Iowa R[ule of] Civ[il] P[rocedure] 1.434, which provides, "Improper or unnecessary matter in a pleading may be stricken out on motion of the adverse party." [Baldwin] further requests to find [Riahi] in default for failing to file a proper Answer.
>
> While the court agrees that [Riahi's] motion is technically deficient, the court does not agree that the entire pleading should be stricken and a default judgment entered. A motion to strike is more properly used to remove irrelevant or otherwise confusing information from a pleading rather than to strike an entire pleading for a technical error.

However, the court required Riahi to file within five days an "amended answer" "providing his current mailing address, telephone number and email address" and to designate which of the three answers he was amending.

As for Riahi's untimely motion to reconsider, the court stated it would not consider the merits of the motion. The court found no need for the May 31 telephone hearing on pending motions and ordered it cancelled.

On May 24—that same date as the order on pending motions was filed— the court entered another order stating:

> The pre-trial conference remains set for May 31, 2019. Exhibit Lists, affidavits of financial statements and pre-trial stipulations shall be exchanged and filed with the clerk of court by 5/31/2019. Exhibit Lists shall include all exhibits to be offered by a party in their respective case-in-chief. Witness lists shall be exchanged by 5/31/2019. Witness lists shall include all witnesses to be examined by a party in their case-in-chief.
> PRE TRIAL CONFERENCE IS SCHEDULED for 5/31/2019 at 1:30p.m. THIS HEARING WILL BE BY TELEPHONE. Counsel and

Parties shall appear by telephone by calling [XXX-XXX-XXXX] then enter the conference code [XXXXXXXXX] for Judge Popp Reyes.
FAILURE TO PARTICIPATE IN THE PRE TRIAL CONFERENCE WILL RESULT IN A DEFAULT JUDGMENT AND THE TRIAL WILL NOT BE HELD AS SCHEDULED.

On May 29, Baldwin filed a "renewed application for default decree" based on Riahi's failure to file an amended answer as ordered and noting that the answer on file challenged jurisdiction and sufficiency of service but did not deny the merits of the petition for dissolution.

On May 31, the court filed an order following the pretrial conference at which both "parties appear by telephone." The court noted Riahi's failure to file an amended answer, a witness list, a financial affidavit, exhibits, "or contact information with the court as set out in the court's order dated May 24, 2019." The court continued:

> [Riahi] continues to object to this court's jurisdiction to hear this matter, which the court understands, but this court has previously found that State of Iowa has an interest in the marital status of its residents and has jurisdiction over this dissolution matter. "[T]he power to grant dissolution of marriage decrees exists even though [Baldwin]'s spouse is absent from this state, has never been here, and was constructively rather than personally served." [*Kimura*, 471 N.W.2d at 876].
>
> [Riahi] requests a continuance from the June 7, 2019 date requesting that Friday is a holy day. This case has been set for trial since April 23, 2019 without any previous request to modify the trial date. The request to continue is therefore denied. The trial in this matter remains set for June 7, 2019 at 9:30 a.m. at the Fremont County Courthouse, 506 Filmore Street, Sidney, Iowa. The trial is scheduled to last 2 hours. The parties must appear in person for the trial unless all of the issues of the marriage are settled between the parties and a settlement agreement has been signed and filed by the parties no later than 5 p.m. on Wednesday, June 5, 2019.
> . . . .
> FAILURE TO COMPLY WITH THIS ORDER OR FAILURE TO APPEAR IN PERSON FOR TRIAL ON JUNE 7, 2019 WILL RESULT IN A DEFAULT JUDGMENT BEING ENTERED AGAINST THE PARTY FAILING TO APPEAR.

Riahi did not appear for the June 7 trial. A default decree was filed on June 7 at 9:53 a.m. The court found:

[Riahi] fails to appear for the trial. Previously, [Riahi] has objected to the court having jurisdiction over this dissolution, which the court has previously ruled upon. [Riahi] has failed to file any contact information or financial documents as previously ordered by this court. [Riahi] was aware of the trial date and his obligation to appear and/or file documents in this case. The court now enters judgment as follows.

The court decreed the marriage of the parties dissolved. However, the decretal language continued in paragraph 4:

The parties were married in August 2015 and have not lived together since February 2017. The parties shall retain all property obtained prior to the marriage or property obtained in their own name since February 2017. Each party is ordered to immediately return any personal property belonging to the other party. Each party shall take responsibility for all debts incurred in their own name since February 2017. Property obtained during the marriage and debts incurred by the parties together during the marriage are hereby divided equally by the parties.

And in paragraph 10, the court repeated the language in paragraph 4 and further decreed:

Pursuant to [Baldwin]'s request, [Riahi] is hereby ordered to immediately return the death certification of [Baldwin]'s first husband which is currently in [Riahi]'s possession as well any other personal documents such as a birth certificate and other personal documents in [Riahi]'s possession. These documents and any other property should be returned by a trackable form of delivery with proof of delivery within ten (10) days of the filing of this order.

On June 7, at 11:40 a.m., the supreme court denied Riahi's writ of certiorari and motion to stay proceedings.

On June 10, Riahi filed three successive motions to reconsider at 2:53 p.m., 2:54 p.m., and 2:55 p.m., which the district court addressed and denied.

Riahi asserts on appeal the decree is void. We affirm the dissolution of the parties' marriage. But, for the reasons stated in prior sections, we modify the decree by striking all decretal language after, "The marriage of Petitioner and Respondent is dissolved (ended)."

## VI. Statement of Proceedings.

There were no transcripts of any pretrial hearings or the trial. Riahi filed a "Statement of the Evidence or Proceedings." On November 14, 2019, our supreme court issued an order: "Pursuant to Iowa Rule of Appellate Procedure 6.806(3), the district court shall settle and approve of the statement of the proceedings."[6] The district court provided the statement of proceedings on November 20.[7] Riahi

---

[6] Iowa Rule of Appellate Procedure 6.806 states:

> (1) *Statement of the evidence or proceedings.* A statement of the proceedings may be prepared to create a record of a hearing or trial for which a transcript is unavailable if a party deems it necessary to complete the record on appeal. The statement of the proceedings must be prepared from the best available means, including the party's recollection. The statement must be filed with the clerk of the district court within 20 days after the filing of the notice of appeal or within 10 days after the party discovers a transcript of a proceeding is unavailable.
>
> (2) *Objections to statement.* The opposing party may file with the clerk of the district court objections or proposed amendments to the statement within ten days after service of the statement.
>
> (3) *Approval of statement by district court.* The statement and any objections or proposed amendments shall be submitted to the district court for settlement and approval. The statement as settled and approved shall be filed with the clerk of the district court and the clerk of the supreme court.

[7] On December 9, 2019, Riahi filed a "motion for factual findings, additional evidence, compelling testimony, specific statements, and staying briefing deadlines." The supreme court denied the motion on January 2, 2020.

On September 4, Riahi filed a motion to take judicial notice of a number of items. The supreme court ruled:

> Pursuant to Iowa Rule of Appellate Procedure 6.801, the record on appeal consists of the original documents and exhibits filed in the district court. To the extent the appellant requests the court to

makes a number of complaints about the district court's statement of proceedings and asks us to accept his version. We rely upon Riahi's "statement of the evidence or proceedings" only to the extent it has been approved by the district court in its filed statement of proceedings.

Having considered all of Riahi's contentions, we affirm the dissolution of the parties' marriage and strike any decretal language in excess.

**AFFIRMED AS MODIFIED.**

---

take judicial review of exhibits and filings that are not part of the record on appeal, the request is denied.